Case 3:22-cv-00098   Document 36   Filed on 11/29/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 29, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN BRINKLEY, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00098 |
| | § | |
| TIMCO LOGISTICS SYSTEMS, LLC, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

This is a Fair Labor Standards Act ("FLSA") case originally filed by Plaintiffs John Brinkley, Theotis Courtney, Johnnie Jones, James Parker, and Jeffrey J. Umbra on March 27, 2022. In the short time this case has been on file, Plaintiffs have amended the complaint on six occasions, adding plaintiffs virtually every time. There are currently 12 individuals who are plaintiffs. Now, Plaintiffs have filed an Opposed Motion for Leave to File Plaintiffs' Seventh Amended Original Complaint. *See* Dkt. 33. Plaintiffs do not seek to add new causes of action or assert additional facts in the Seventh Amended Original Complaint. They simply ask to join two more individuals as plaintiffs: Ismael Cano and Tavares Jones. Defendant Timco Logistics Systems, LLC ("Timco") opposes Plaintiffs' attempt to amend the complaint yet again for two reasons.[1] First, Timco argues that Plaintiffs have failed to demonstrate good cause for the amendment. Second, Timco claims that the amendment would be futile.

For the reasons discussed below, I **GRANT** Plaintiffs' request to amend the complaint.[2]

---

[1] On previous occasions, Timco agreed to allow Plaintiffs to amend their complaint to add "plaintiffs whose work histories with [Timco were] verifiable and whose inclusion in the lawsuit appeared reasonable." Dkt. 34 at 1.

[2] "Generally speaking, a motion to amend pleadings is considered a nondispositive matter[,] which a magistrate judge can handle by order as opposed to a memorandum

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a district court "should freely give leave [to amend a complaint] when justice so requires." FED R. CIV. P. 15(a)(2). Although Rule 15 ordinarily governs the amendment of pleadings, "Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quotation omitted). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation omitted). In deciding whether to allow an amendment, "it is [also] appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see also Lumpkins v. Off. of Cmty. Dev.*, 621 F. App'x 264, 271 (5th Cir. 2015) (noting that courts consider "judicial economy and effective case management" in deciding whether to grant leave to amend).

Even if a plaintiff offers a persuasive explanation for the failure to timely amend his pleadings, "[a] futile amendment need not be allowed under Rule 16(b)." *Adams Fam. Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 381 n.9 (5th Cir. 2011). As a result, a plaintiff seeking to amend a complaint must, at a bare minimum, allege a claim for relief that would survive a Rule 12(b)(6) dismissal. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. An amendment is futile if it would fail to survive a Rule 12(b)(6) motion.").

---

and recommendation." *Benson v. Galveston Cty.*, No. 3:21-cv-00200, 2022 WL 3443925, at *1 n.1 (S.D. Tex. Aug. 17, 2022).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

## DISCUSSION

The Docket Control Order set a pleading deadline of July 22, 2022. *See* Dkt. 19. Because that deadline has passed, Plaintiffs must establish good cause for the failure to timely move to amend the complaint. Plaintiffs assert that they have a good reason for the delay, that being that "the proposed [two new] plaintiffs made their intentions known to join this lawsuit after the Court's deadline to add new parties had expired." Dkt. 35 at 4. In my view, this is a sufficient explanation for not previously seeking leave to add these two individuals as plaintiffs. *See Cunningham v. Dr. Fin., LLC*, No. 4:18-cv-00565, 2019 WL 13149918, at *2 (E.D. Tex. Nov. 6, 2019) (finding good reason for delay in seeking to amend complaint when plaintiff became aware of facts only after scheduling order's deadline to file amended pleadings had passed).

Because Plaintiffs have provided a compelling reason for their failure to timely seek leave to amend their pleadings, I must determine whether the amendment would be futile. Timco asserts that "the amendment would be futile because it advances a legally insufficient claim that does not meet the *Twombly*

standard."[3] Dkt. 34 at 4. To successfully plead a claim under the FLSA, a plaintiff must plausibly allege: (1) the existence of an employer–employee relationship during the relevant time; (2) that the plaintiff's job responsibilities were covered by the FLSA (i.e., connected to interstate commerce); (3) "that the employer violated the FLSA's [minimum or] overtime-wage requirements"; and (4) the amount of pay due. *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 309 (5th Cir. 2021). It is the second element—the interstate commerce requirement—at issue here. Timco argues that Plaintiffs have failed to adequately plead the interstate commerce element with the requisite particularity. Moreover, Timco contends that the proposed Seventh Amended Complaint "specifically pleads that the Plaintiffs did not engage in commerce or the production of goods for commerce that would cross the borders of Texas." Dkt. 34 at 5.

To adequately allege the interstate commerce element, Plaintiffs must sufficiently plead either individual or enterprise coverage. *See Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)). Individual coverage exists if the employee "is engaged in commerce or in the production of goods for commerce," 29 U.S.C. § 207(a)(1), which can be determined by inquiring "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960)). "Work that is purely local in nature does not meet the FLSA's requirements, but any regular contact with commerce, no matter how small, will result in coverage." *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (cleaned up). Enterprise coverage, in turn, exists where the employee is employed by "an enterprise engaged in commerce or in the production of goods for

---

[3] It is a little odd that Timco did not advance this argument earlier in the case. Although Plaintiffs have amended their complaint a number of times, the core language has remained virtually the same since the lawsuit was originally filed. For whatever reason, Timco never complained until now about any alleged pleadings deficiencies.

commerce." 29 U.S.C. § 207(a)(1). To plead enterprise coverage, "Plaintiffs need only plausibly allege that they handled goods or materials that had at some point travelled interstate." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 787 (5th Cir. 2020).

Under the FLSA, a business is an enterprise if it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and the business's "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)–(ii). The proposed Seventh Amended Complaint alleges that Timco's "annual gross revenues exceed $500,000.00." Dkt. 33-1 at 2. The proposed amended complaint also alleges "Plaintiffs were covered individual employees under the FLSA whose work affected 'interstate commerce' as said term is defined in the FLSA while employed for [Timco] during the relevant time period." *Id.* According to the proposed Seventh Amended Complaint, Plaintiffs were truckers who hauled raw steel tubing from Bay City, Texas to milling/manufacturing sites in and around the Houston area. *See id.* Although the proposed amended complaint acknowledges that Plaintiffs did not cross state lines in the performance of their driving duties, the lawsuit alleges that the "raw steel tubing Plaintiffs hauled and delivered to local milling/manufacturing sites was processed, milled and/or manufactured into products and instruments (new articles of commerce) primarily used in the oilfield services industry." *Id.* at 3.

After reviewing the Seventh Amended Original Complaint, I find that Plaintiffs have sufficiently pled both individual and enterprise coverage. Barely. This is a very close call. Absent from the proposed Seventh Amended Original Complaint are any detailed allegations that the raw steel tubing delivered by Plaintiffs was put into interstate commerce. Also lacking are specific allegations that Plaintiffs directly participated in the movement of persons or things in interstate commerce, or that Timco is an enterprise engaged in interstate commerce. All that said, Plaintiffs do allege that the raw tubing Plaintiffs delivered

was turned into products and instruments primarily used in the oilfield services industry. It is no secret that the oilfield services industry is not limited to one particular state but rather operates across the country and the world. As a result, I believe that Plaintiffs' allegation, taken as true, that the raw tubing was turned into products used in the oilfield services industry, is enough to properly allege the interstate commerce element for FLSA purposes.[4] "Plaintiffs will have to provide proof of these allegations at the summary judgment or trial stage (after they have had a chance to conduct discovery), but they are not required to provide further details than they have at this stage." *Molina-Aranda*, 983 F.3d at 787–88.

There is an additional reason why it is appropriate to grant Plaintiffs the right to amend their complaint to add additional plaintiffs. Allowing Plaintiffs to file a Seventh Amended Original Complaint will further the goals of judicial economy and the expedient resolution of disputes. *See Dussouy*, 660 F.2d at 598. If I deny Plaintiffs' request to amend their complaint in this matter, the two proposed new plaintiffs—Ismael Cano and Tavarus Jones—will simply file a new action asserting the same FLSA claims as are present in this action.

> All that is accomplished is that the case is set back on the docket, and disposition of the merits delayed, a result that Rule 1 directs us to avoid and that undercuts the policy of the federal rules in favor of consolidating litigation to facilitate an efficient and expeditious resolution of disputes.

---

[4] One side note. Timco makes much of Plaintiffs' admission in the proposed Seventh Amended Original Complaint that the movement of tubing by Plaintiffs from Bay City, Texas to the milling/manufacturing sites in the Houston area "was *not* in the stream of interstate commerce within the meaning of the Motor Carrier Act." Dkt. 33-1 at 3. This is a red herring. "FLSA regulations have warned against equating the interstate commerce requirement of the Motor Carrier Act exemption with the FLSA's requirement that an employee be engaged in interstate commerce." *Butcher v. TSWS, Inc.*, No. 4:10-cv-01376, 2011 WL 3793687, at *5 (S.D. Tex. Aug. 25, 2011) (citing 29 C.F.R. § 782.7(b)(1) ("Since the interstate commerce regulated under the two acts is not identical . . ., such transportation may or may not be considered also a movement in interstate commerce within the meaning of the Motor Carrier Act.")).

*Id.* at 600. Additionally, Timco is not prejudiced by adding two additional individuals as plaintiffs because the discovery deadline in this case does not end until April 2023.

## CONCLUSION

For the reasons explained above, I **GRANT** Plaintiffs' Opposed Motion for Leave to File Plaintiffs' Seventh Amended Original Complaint (Dkt. 33). The Clerk of the Court is ordered to file Dkt. 33-1 (Plaintiffs' Seventh Amended Complaint) as part of the Court's record.

SIGNED this 29th day of November 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE