United States District Court
Southern District of Texas
**ENTERED**
March 21, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| JOHN BRINKLEY, *et al.*, § § § Plaintiffs. § § V. § § TIMCO LOGISTICS SYSTEMS, LLC, § § § Defendant. § | CIVIL ACTION NO. 3:22-cv-00098 |

## OPINION AND ORDER

In this Fair Labor Standards Act ("FLSA") case, Defendant Timco Logistics Systems, Inc. ("Timco") has filed a motion seeking leave of court to file an amended answer. *See* Dkt. 42. Timco's proposed amended answer would amend certain admissions contained in the current answer and add an affirmative defense that Plaintiffs' claims "fall within the Motor Carrier Act Exemption to the" FLSA. Dkt. 42-1 at 5. Plaintiffs strongly object to Timco's request to amend its answer at this late date.

### BACKGROUND

This case was originally filed in March 2022 by five Timco employees who alleged that Timco failed to pay them time and a half for those hours they worked in excess of 40 hours per workweek, as required by the FLSA. Since March 2022, Plaintiffs have amended their complaint on seven separate occasions. Although the various amended complaints have added a number of plaintiffs to the case (there are currently 14 individuals who are plaintiffs in this matter), the core allegations against Timco have remained virtually identical in each successive complaint.

On May 25, 2022, Timco filed an answer to the First Amended Complaint. *See* Dkt. 13. Although Federal Rule of Civil Procedure 15(a)(3) gives original defendants 14 days to answer amended complaints, Timco has not filed an

amended answer to any of the amended complaints. The May 25, 2022 answer remains the only answer Timco has filed in this case.

I held an initial scheduling conference on July 13, 2022, and entered a Docket Control Order that same day. *See* Dkt. 19. The Docket Control Order set a July 22, 2022 pleading deadline and an April 21, 2023 discovery deadline. *See id*. Since that time, Plaintiffs sought leave several times to amend their complaint to add additional plaintiffs. Sometimes those requests were unopposed and sometimes they were opposed. Not once, however, did Timco ask for leave to file an amended answer until it filed the instant Motion for Leave of Court to Amend Defendant's Original Answer on February 23, 2023. *See* Dkt. 42.

## LEGAL STANDARD

Rule "16(b) governs [the] amendment of pleadings after a scheduling order's deadline to amend has expired." *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). "Once a scheduling order deadline to amend a pleading has expired, the party seeking to amend is effectively asking the court for leave to amend both the scheduling order and the pleading." *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, 655 F. Supp. 2d 679, 694 (S.D. Tex. 2009). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation omitted). To determine whether good cause exists, district courts are required by the Fifth Circuit to consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Marathon Fin.*, 591 F.3d at 470 (quotation omitted).

# ANALYSIS

In its motion for leave to file an amended answer, Timco curiously fails to reference the four factors the Fifth Circuit has identified as critical in making that determination. It is not until its reply brief that Timco first addresses the four factors. Following the Fifth Circuit's instructions, I will consider the four factors one-by-one.

A. **THE EXPLANATION FOR THE FAILURE TO TIMELY MOVE FOR LEAVE TO AMEND (FACTOR 1)**

"The most important factor bearing on the 'good cause' inquiry under Rule 16(b)(4) is whether the party seeking to modify the scheduling order can show that it has been diligent in pressing its claims but despite its diligence could not reasonably have met the scheduling deadline." *Allergan, Inc. v. Teva Pharm. USA, Inc.*, No. 2:15-CV-1455, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017). The burden rests with Timco, as the party seeking to modify the scheduling order, to show that the deadlines could not have reasonably been "met despite the diligence of the party needing the extension." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (quotation omitted).

Timco seeks to amend its answer to assert, for the first time in this litigation, an affirmative defense of the Motor Carrier Act exemption, and to amend certain admissions in the Original Answer that run counter to that affirmative defense. Notably absent from Timco's motion seeking leave of court to file an amended answer is any explanation as to why, had Timco exercised reasonable diligence, it could not have added the affirmative defense and amended certain admissions by the pleadings deadline. Timco contends that it "has good cause for the failure to timely move to amend its Answer because Plaintiffs have continued to add respective Plaintiffs to the lawsuit." Dkt. 42 at 4. But this explanation is far from persuasive. It is not as if the Motor Carrier Act issue was some well-kept secret. The Original Complaint—as well as each subsequent amended complaint—specifically mentions the Motor Carrier Act exemption, explaining why Plaintiffs

do not believe it applies to this case. As Plaintiffs correctly observe: Timco "had every opportunity to discover and research Plaintiffs['] claims and move to file any pleading over the course of the past year," including a motion for leave to add an affirmative defense concerning the Motor Carrier Act exemption. Dkt. 43 at 3–4. Despite the fact that Plaintiffs filed eight separate complaints (the original complaint and seven amendments), each raising the Motor Carrier Act issue, not once did Timco timely assert the affirmative defense as permitted by Rule 15(a)(3) or seek leave to add the affirmative defense—until now, approximately seven months after the deadline set forth in the Docket Control Order expired. This failure strongly militates against allowing Timco leave to amend. *See EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (finding denial of leave to amend "squarely within [the district court's] sound discretion" where the defendant "had time to obtain discovery and seek leave to amend by the . . . deadline").

Timco fails to provide a plausible explanation for its delay in seeking leave to amend, other than to suggest that its previous counsel failed to recognize that the Motor Carrier Act exemption might be applicable in the present case. Even if true, this does not come anywhere close to satisfying the good cause standard because a "recent change of counsel does not entitle [a party] to attempt to undo the strategic choices made by [the party's] prior counsel." *Nguyen v. Versacom, LLC*, No. 3:13-CV-4689-D, 2016 WL 7426126, at *3 (N.D. Tex. Dec. 23, 2016).[1]

All in all, the first factor weighs heavily against allowing Timco to amend its answer.

**B.    THE IMPORTANCE OF THE AMENDMENT (FACTOR 2)**

It does not take a rocket scientist to figure out why Timco wants to assert the Motor Carrier Act exemption affirmative defense into this case. If successful, the Motor Carrier Act exemption affirmative defense would be case-dispositive

---

[1] Timco's new counsel entered the case in mid-December 2022. At that time, the deadline to amend pleadings had already expired five months earlier. Although new counsel promptly sought leave to amend Timco's answer, Timco cannot distance itself from the actions of its previous counsel, who was, at all times, apparently acting on Timco's behalf.

4

because the FLSA overtime requirements would be inapplicable to Plaintiffs. Therefore, this factor weighs in favor of granting Timco's motion for leave to file an amended answer.

### C.   THE POTENTIAL PREJUDICE IN ALLOWING THE AMENDMENT (FACTOR 3)

The third factor asks whether allowing the late amendment will prejudice the Plaintiffs. Although Timco cursorily asserts that granting leave to allow it to file an amended answer would not prejudice Plaintiffs, I find Timco's argument implausible.

This case has been on file for roughly one full year. During that time, the parties have spent countless hours conducting the discovery necessary to prepare this case for trial. As I write this opinion, we are just a few weeks from the April 21, 2023 discovery deadline, with a dispositive motion deadline set for a week later. From the outset of this case, Timco has taken the position that no overtime exemption is applicable in this lawsuit. Indeed, Timco unequivocally stated in its Original Answer: "[Timco] admits that Plaintiffs are not legally exempt from receiving overtime wages generally." Dkt. 13 at 3. This is a judicial admission—that is, "a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them" that "has the effect of withdrawing a fact from contention." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). The parties have proceeded through the discovery process and the designation of experts with the understanding that no overtime exemption had any application to this case. Now, with the discovery deadline fast approaching, Timco does a complete 180, claiming that it must inject the Motor Carrier Act exemption affirmative defense into the case.

"A [party] is prejudiced if an added claim would require the [party] to reopen discovery and prepare a defense for a claim different from the one that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (cleaned up); *see also Matter of Southmark Corp.*, 88 F.3d 311, 315–16 (5th Cir. 1996) (finding leave properly denied where party sought to add claim that it had knowledge of for

5

almost a year because "[l]iberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time"). Likewise, an amendment that "fundamentally alter[s] the nature of the case" is considered prejudicial and may be denied. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004); *see also In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012) (affirming denial of motion for leave where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"). Allowing Timco to amend its answer at this late stage of the litigation to assert a brand new affirmative defense unquestionably prejudices Plaintiffs, as it would, in essence, "restart[] the lawsuit for amended pleadings, discovery, and motions." *King v. Life Sch.*, No. 3:10-CV-0042-BH, 2011 WL 5242464, at *2 (N.D. Tex. Nov. 3, 2011). I concur with the words of a judge in the Western District of Texas who recently faced a last-minute effort by a defendant to add an affirmative defense under the Motor Carrier Act exemption: "The Court finds that permitting the additional affirmative defense would prejudice the Plaintiff by requiring additional discovery regarding the [Motor Carrier Act] exemption." *Moreno v. Silvertip Completion Servs. Operating, LLC*, No. 7:19-CV-240-DC, 2020 WL 6867056, at *3 (W.D. Tex. Nov. 13, 2020).

Because there is potential prejudice resulting from the proposed amendment, the third factor does not favor granting leave to file an amended answer.

**D. THE AVAILABILITY OF A CONTINUANCE TO CURE SUCH PREJUDICE (FACTOR 4)**

The final factor asks whether a continuance would cure any prejudice to the Plaintiffs caused by the late amendment. "Although a continuance could mitigate the prejudicial effect of the proposed amendment, requiring Plaintiff[s] to participate in discovery on the additional defense would undoubtedly result in

6

delay and additional cost." *Id.*; *see also Harrison v. Aztec Well Servicing Co.*, No. 1:20-CV-038-H, 2021 WL 5280956, at *5 (N.D. Tex. Nov. 12, 2021) ("And even though a continuance would cure any evidentiary prejudice, a continuance could not cure the prejudice the plaintiffs would suffer from needing to contest the defenses on their merits."). "[G]ranting a continuance this late in the litigation process runs the risk of endorsing dilatory litigation tactics, particularly considering [Timco's] failure to explain its reason for delay." *Moreno*, 2020 WL 6867056, at *3. Accordingly, I do not believe the fourth factor supports granting a continuance in the instant case.

*\*\*\**

In this opinion, I have done my best to evaluate the four factors that a district court must consider when determining whether to grant a defendant leave to amend its answer. Three of those factors weigh against permitting Timco to amend its answer; one factor supports allowing amendment. Weighing all of the factors, I conclude that good cause does not exist for me to amend the Docket Control Order to allow Timco to file its proposed amended answer.

## CONCLUSION

Timco's Motion for Leave of Court to Amend Defendant's Original Answer (*see* Dkt. 42) is **DENIED**.[2]

SIGNED this 21st day of March 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] Generally speaking, a motion to amend pleadings is considered a nondispositive matter for which a magistrate judge can handle by order as opposed to a memorandum and recommendation. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010).